# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS | : Master File No. 2:12-md-02311 |
| ANTITRUST LITIGATION | : Honorable Marianne O. Battani |
| | : |
| | : |
| IN RE OCCUPANT SAFETY SYSTEMS | : Case No. 2:12-cv-00603 |
| IN RE CONSTANT VELOCITY JOINT BOOT | : Case No. 2:14-cv-02903 |
| PRODUCTS | : |
| IN RE AUTOMOTIVE HOSES | : Case No. 2:15-cv-03203 |
| IN RE BODY SEALING PRODUCTS | : Case No. 2:16-cv-03403 |
| IN RE INTERIOR TRIM PRODUCTS | : Case No. 2:16-cv-03503 |
| IN RE BRAKE HOSES | : Case No. 2:16-cv-03603 |
| | : |
| | : |
| THIS DOCUMENT RELATES TO: | : |
| END-PAYOR ACTION | : |

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made and entered into this 20th day of July 2018 ("Execution Date") by and between Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TG Kentucky, LLC, and TG Fluid Systems USA Corp. (collectively, "Toyoda Gosei") and End-Payor Plaintiff Class Representatives ("End-Payor Plaintiffs"), both individually and on behalf of classes of indirect purchasers of Occupant Safety Systems, Constant Velocity Joint Boot Products, Automotive Hoses, Body Sealing Products, Interior Trim Products, and Brake Hoses ("Settlement Classes"), as more particularly defined in Paragraph 12 below.

WHEREAS, End-Payor Plaintiffs are prosecuting the above *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) ("MDL Litigation") and Case Nos. 2:12-cv-00603 ("Occupant Safety Systems Action"), 2:14-cv-02903 ("Constant Velocity

Joint Boot Products Action"), 2:15-cv-03203 ("Automotive Hoses Action"), 2:16-cv-03403 (Body Sealing Products Action"), 2:16-cv-03503 ("Interior Trim Products Action"), and 2:16-cv-03603 ("Brake Hoses Action") (together, the "Actions"), on their own behalf and on behalf of the Settlement Classes;

WHEREAS, End-Payor Plaintiffs allege that they were injured as a result of Toyoda Gosei's participation in unlawful conspiracies to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate markets and customers for (1) Occupant Safety Systems (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Third Consolidated Amended Class Action Complaint (Case No. 2:12-cv-00603, Doc. No. 181) ("Occupant Safety Systems Complaint"), (2) Constant Velocity Joint Boot Products (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Second Consolidated Amended Class Action Complaint (Case No. 2:14-cv-02903, Doc. No. 50) ("Constant Velocity Joint Boot Products Complaint"), (3) Automotive Hoses (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Consolidated Amended Class Action Complaint (Case No. 2:15-cv-03203, Doc. No. 39) ("Automotive Hoses Complaint"), (4) Body Sealing Products (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Amended Class Action Complaint (Case No. 2:16-cv-03403, Doc. No. 19) ("Body Sealing Products Complaint"), (5) Interior Trim Products (as defined below) in violation of

Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Class Action Complaint (Case No. 2:16-cv-03503, Doc. No. 1) ("Interior Trim Products Complaint"), and (6) Brake Hoses (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in End-Payor Plaintiffs' Amended Class Action Complaint (Case No. 2:16-cv-03603, Doc. No. 1) ("Brake Hoses Complaint") (together, "Complaints");

WHEREAS, Toyoda Gosei denies End-Payor Plaintiffs' allegations and has asserted defenses to End-Payor Plaintiffs' claims in the Actions;

WHEREAS, arm's-length settlement negotiations have taken place between Settlement Class Counsel (as defined below) and counsel for Toyoda Gosei and this Agreement has been reached as a result of those negotiations;

WHEREAS, End-Payor Plaintiffs, through Settlement Class Counsel, have conducted an investigation into the facts and the law regarding the Actions and have concluded that resolving the claims against Toyoda Gosei, according to the terms set forth below, is in the best interests of End-Payor Plaintiffs and the Settlement Classes because of the payment of the Settlement Amount and the value of Cooperation (as those terms are defined below) that Toyoda Gosei has agreed to provide pursuant to this Agreement; and

WHEREAS, Toyoda Gosei, despite its belief that it is not liable for the claims asserted and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgments contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted

against Toyoda Gosei with respect to Occupant Safety Systems, Constant Velocity Joint Boot Products, Automotive Hoses, Body Sealing Products, Interior Trim Products, and Brake Hoses (together, "Relevant Products") based on the allegations in the Actions, as more particularly set out below.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Actions be settled, compromised, and dismissed on the merits with prejudice as to the Releasees and except as hereinafter provided, without costs as to End-Payor Plaintiffs, the Settlement Classes, or Toyoda Gosei, subject to the approval of the Court, on the following terms and conditions:

A.    Definitions.

1.    "End-Payor Plaintiff Class Representatives" means those Settlement Class Members, as defined in Paragraph 14, below, who are named plaintiffs in the Complaints.

2.    "Cooperation" shall refer to those provisions set forth below in Paragraphs 32-44.

3.    "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by Toyoda Gosei under the terms of this Agreement.

4.    "Defendant" means any party named as a defendant in the Actions at any time up to and including the date when the Court has entered a final order certifying the Settlement Classes described in Paragraph 12 and approving this Agreement under Federal Rule of Civil Procedure ("Rule") 23(e).

5.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), including without limitation, electronically stored information. A draft or non-identical copy is a separate Document within the meaning of this term.

6.      "Indirect Purchaser States" means Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

7.      "Occupant Safety Systems" shall have the meaning set forth in Paragraph 2 of the Occupant Safety Systems Complaint; "Constant Velocity Joint Boot Products" shall have the meaning set forth in Paragraph 2 of the Constant Velocity Joint Boot Products Complaint; "Automotive Hoses" shall have the meaning set forth in Paragraph 3 of the Automotive Hoses Complaint; "Body Sealing Products" shall have the meaning set forth in Paragraph 2 of the Body Sealing Products Complaint; "Interior Trim Products" shall have the meaning set forth in Paragraph 3 of the Interior Trim Products Complaint; and "Brake Hoses" shall have the meaning set forth in Paragraph 2 of the Brake Hoses Complaint.

8.      "Opt-Out Deadline" means the deadline set by the Court for the timely submission of requests by Settlement Class Members to be excluded from the Settlement Classes.

9.      "Released Claims" means the claims described in Paragraphs 23-24.

10.     "Releasees" shall refer to (i) Toyoda Gosei, (ii) all of Toyoda Gosei's past and present direct and indirect, parents, subsidiary companies and affiliates, including their respective predecessors, successors and assigns, and (iii) each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the persons and entities listed in (i) and (ii). "Releasees" does not include any defendant in the MDL Litigation other than Toyoda Gosei.

11.     "Releasors" shall refer to End-Payor Plaintiffs Class Representatives and the Settlement Class Members, as defined in Paragraph 12 below, and to their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing.

12.     For purposes of this Agreement, the "Settlement Classes" are defined to include:

(a)  "Occupant Safety Systems Class" is defined as:

All persons and entities that, from January 1, 2003 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Occupant Safety System(s) as a component part, or indirectly purchased one or more Occupant Safety System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Occupant Safety Systems directly or for resale.

(b) "Constant Velocity Joint Boot Products Class" is defined as:

All persons and entities that, from January 1, 2006 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Constant Velocity Joint Boot Product(s) as a component part, or indirectly purchased one or more Constant Velocity Joint Boot Product (s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government,

states and their subdivisions, agencies and instrumentalities, and persons who purchased Constant Velocity Joint Boot Products directly or for resale.

(c) "Automotive Hoses Class" is defined as:

All persons and entities that, from May 1, 2003 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Automotive Hose(s) as a component part, or indirectly purchased one or more Automotive Hose(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Automotive Hoses directly or for resale.

(d) "Body Sealing Products Class" is defined as:

All persons and entities that, from January 1, 2000 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Body Sealing Product(s) as a component part, or indirectly purchased one or more Body Sealing Product(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Body Sealing Products directly or for resale.

(e) "Interior Trim Products Class" is defined as:

All persons and entities that, from June 1, 2004 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Interior Trim Product(s) as a component part, or indirectly purchased one or more Interior Trim Product(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a

Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Interior Trim Products directly or for resale.

(f) "Brake Hoses Class" is defined as:

All persons and entities that, from February 1, 2004 through the Execution Date, purchased or leased a new Vehicle in the United States not for resale, which included one or more Brake Hose(s) as a component part, or indirectly purchased one or more Brake Hose(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Brake Hoses directly or for resale.

13.   "Settlement Class Counsel" shall refer to the law firms of:

Cotchett, Pitre, & McCarthy LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, NY 10022

Susman Godfrey L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

14.   "Settlement Class Member" means each member of the Settlement Classes who has

not timely elected to be excluded from the Settlement Classes.

15.     "Settlement Amount" shall be $44,840,000 and the "Settlement Funds" shall be the Settlement Amount plus any income or accrued interest earned on that amount as set forth in Paragraph 26.

(a) For the Occupant Safety Systems Settlement Class, $5,797,725.14 plus accrued interest on said deposit set forth in Paragraph 26.

(b) For the Constant Velocity Joint Boot Products Class, $716,505.10 plus accrued interest on said deposit set forth Paragraph 26.

(c) For the Automotive Hoses Class, $5,428,166.52 plus accrued interest on said deposit set forth Paragraph 26.

(d) For the Body Sealing Products Class, $27,148,653.36 plus accrued interest on said deposit set forth Paragraph 26.

(e) For the Interior Trim Products Class, $5,089,493.68 plus accrued interest on said deposit set forth Paragraph 26.

(f) For the Brake Hoses Class, $659,456.20 plus accrued interest on said deposit set forth Paragraph 26.

16.     "Vehicles" shall refer to four-wheeled passenger automobiles, vans, sports utility vehicles, and crossover or pick-up trucks.

B.     Approval of this Agreement and Dismissal of Claims Against Toyoda Gosei.

17.     End-Payor Plaintiffs and Toyoda Gosei shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Rules 23(c) and (e)) to secure the complete, and final dismissal with prejudice of the Actions as to the Releasees only.

18.     Within sixty (60) days after the execution of this Agreement, but not before August 20, 2018, End-Payor Plaintiffs shall submit to the Court a motion seeking preliminary approval of

this Agreement ("Preliminary Approval Motion"). End-Payor Plaintiffs shall use best efforts to submit the Preliminary Approval Motion at the same time as Auto Dealer Plaintiffs submit a motion seeking approval of their settlement with Toyoda Gosei. The Preliminary Approval Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, and (ii) a proposed form of order and final judgments that shall include at least the terms set forth in Paragraph 20 below. End-Payor Plaintiffs shall give Toyoda Gosei reasonable notice of and an opportunity to comment on the Preliminary Approval Motion prior to filing.

19.     End-Payor Plaintiffs, at a time to be decided in their sole discretion but not before August 20, 2018, shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgments contemplated by this Agreement to all Settlement Class Members identified by End-Payor Plaintiffs ("Notice Motion"). To mitigate the costs of notice, End-Payor Plaintiffs shall endeavor, if practicable, to disseminate notice of this settlement with notice of any other settlements reached. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

20.     End-Payor Plaintiffs shall seek, and Toyoda Gosei will not object unreasonably to, the entry of an order and final judgments in the Actions. The terms of that proposed order and final judgments will include, at a minimum, the substance of the following provisions:

(a)     certifying the Settlement Classes described in Paragraph 12, pursuant to Rule 23, solely for purposes of this settlement as the Settlement Classes for the Actions;

(b)     as to the Actions, approving finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 and directing its consummation according to its terms;

(c)      directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims.

(d)      as to Toyoda Gosei, directing that the Actions be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(e)      reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration and consummation of this settlement, to the United States District Court for the Eastern District of Michigan;

(f)      determining under Rule 54(b) that there is no just reason for delay and directing that the judgments of dismissal in the Actions as to Toyoda Gosei shall be final; and

(g)      providing that (i) the Court's certification of the Settlement Classes is without prejudice to, or waiver of, the rights of any Defendant, including Toyoda Gosei, to contest certification of any other class proposed in the MDL Litigation, (ii) the Court's findings in the Order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

21.      This Agreement shall become final with respect to each Action when (i) the Court has entered a final order certifying the Settlement Class described in Paragraph 12 and approving this Agreement under Rule 23(e) and has entered a final judgment dismissing the Action with prejudice as to Toyoda Gosei and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of final judgment as to Toyoda Gosei described in (i) above has expired or, if appealed, approval of this Agreement and the final judgment in the Action as to Toyoda Gosei

has been affirmed in their entirety by the Court of last resort to which such appeal has been taken, and such affirmance has become no longer subject to further appeal or review, and no other motion or pleading is pending in any court in the Action with respect to Toyoda Gosei. It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the date that End-Payor Plaintiffs and Toyoda Gosei have executed this Agreement, End-Payor Plaintiffs and Toyoda Gosei shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 26(h) or 45 of this Agreement.

22.     Neither this Agreement (whether or not it should become final) nor the final judgments, nor any and all negotiations, Documents, or discussions associated with them (including Cooperation Materials produced pursuant to Paragraphs 32-44), shall be deemed or construed to be an admission by Toyoda Gosei, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Toyoda Gosei, or of the truth of any of the claims or allegations contained in any complaints or any other pleading filed in the MDL Litigation, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation, or any other arbitration, action or proceeding whatsoever, against Toyoda Gosei. Nothing in this Paragraph shall prevent End-Payor Plaintiffs from using and/or introducing into evidence Cooperation Materials produced pursuant to Paragraphs 32-44, subject to the limitations in those Paragraphs, against any other defendants in the MDL Litigation, or to develop and promulgate a plan of allocation and distribution. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by Toyoda Gosei, shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or

proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C.     Release, Discharge, and Covenant Not to Sue.

23.     In addition to the effect of any final judgments entered in accordance with this Agreement, upon this Agreement becoming final, as set out in Paragraph 21 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 25 of this Agreement, into the Settlement Funds, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Funds, whether directly, representatively, derivatively or in any other capacity) that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to (i) any conduct alleged in the Complaints, and/or (ii) any act or omission of the Releasees (or any of them) concerning any Relevant Product, including but not limited to any conduct and causes of action alleged or asserted or that could have been alleged or asserted, in any class action or other complaints filed in the Actions ("Released Claims"), provided however, that nothing herein shall release: (1) any claims made by direct purchasers of any Relevant Product; (2) any claims made by automotive dealerships that are indirect purchasers of any Relevant Product; (3) any claims made by truck and equipment dealerships that are indirect purchasers of any Relevant Product; (4) any claims made by any State, State agency, or instrumentality or political subdivision of a State as to government purchases and/or penalties; (5) claims involving

13

any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to any Relevant Product; (6) claims concerning any automotive part other than any Relevant Product; (7) claims under laws other than those of the United States relating to purchases of any Relevant Product made by any Releasor outside of the United States; and (8) claims under federal law or the state or local laws of any jurisdiction other than an Indirect Purchaser State. Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee as to, in whole or in part, any of the Released Claims unless this Agreement is, for any reason, not finally approved or is terminated.

24.     In addition to the provisions of Paragraph 23 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, as set out in Paragraph 21 of this Agreement, any and all provisions, rights, and benefits, as to their claims concerning Relevant Products conferred by § 1542 of the California Civil Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any equivalent law or statute of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 23 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that Toyoda Gosei

and End-Payor Plaintiffs have agreed to release pursuant to Paragraph 23, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

D.     Settlement Amount.

25.     Subject to the provisions hereof, and in full, complete, and final settlement of the Actions as provided herein, Toyoda Gosei, shall pay or cause to be paid the Settlement Amount of U.S. $44,840,000. The Settlement Amount shall be paid in U.S. dollars into escrow accounts to be administered in accordance with the provisions of Paragraph 26 of this Agreement ("Escrow Accounts") within thirty (30) days following the later of (i) entry of an order preliminarily approving this Agreement or (ii) the date Toyoda Gosei is provided with the account number, account name, and wiring transfer information for the Escrow Accounts.

26.     Escrow Accounts.

(a)     The Escrow Accounts will be established at Wells Fargo Bank with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions regarding investment types and reinvestment of income and proceeds mutually acceptable to Settlement Class Counsel and Toyoda Gosei, such escrows to be administered by the Escrow Agent under the Court's continuing supervision and control.

(b)     The Escrow Agent shall cause the funds deposited in the Escrow Accounts to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates.

(c)     All funds held in the Escrow Accounts shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     End-Payor Plaintiffs and Toyoda Gosei agree to treat the Settlement Funds as being at all times qualified settlement funds within the meaning of Treas. Reg. § 1.468B-1. In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 26, including the relation-back election (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Amount being "Qualified Settlement Funds" within the meaning of Treasury Regulation § 1.468B-1.

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator of the Settlement Funds shall be Settlement Class Counsel. Settlement Class Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Funds (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)). Such returns (as well as the election described in Paragraph 26(d) above) shall be consistent with Paragraph 26(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes,

interest or penalties), on the income earned by the Settlement Funds shall be paid out of the Settlement Funds as provided in Paragraph 26(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Funds, including any taxes or tax detriments that may be imposed upon Toyoda Gosei or any other Releasee with respect to any income earned by the Settlement Funds for any period during which the Settlement Funds do not qualify as qualified settlement funds for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 26(d) through 26(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 26(e) ("Tax Expenses")), shall be paid out of the Settlement Funds.

(g)     Neither Toyoda Gosei nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Funds and shall be timely paid by the Escrow Agent out of the Settlement Funds without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). Toyoda Gosei shall not be responsible or have any liability therefor. End-Payor Plaintiffs and Toyoda Gosei agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 26(d) through 26(f).

(h)     If this Agreement does not receive final Court approval, including final approval of the Settlement Classes as defined in Paragraph 12, or if the Actions are not certified as class actions for settlement purposes, then all amounts paid by Toyoda Gosei into the Settlement Funds (other than costs expended or incurred in accordance with Paragraphs 26 and 28), shall be returned to Toyoda Gosei from the Escrow Accounts by the Escrow Agent, along with any interest accrued thereon, within thirty (30) calendar days of the court's final determination denying final approval of this Agreement and/or Settlement Classes.

27.     Exclusions from the Settlement Classes.

Subject to Court approval, any person or entity seeking exclusion from the Settlement Classes must file a written request for exclusion from the Settlement Classes by the Opt Out Deadline, which shall be the date set by the Court by which any class member must request exclusion from the Settlement Classes. Any person or entity that files such a request shall be excluded from the Settlement Classes and shall have no rights with respect to the Settlement Class from which the class member has requested to be excluded. Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable class notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed Settlement Class Member(s) and shall be bound by the Settlement Agreement upon final approval. Settlement Class Counsel shall, within ten (10) business days of the Opt Out Deadline, provide Toyoda Gosei with a list and copies of all opt out requests it receives in the Actions and shall file with the Court a list of all Settlement Class Members who timely and validly opted out of the settlement.

(a)     Subject to Court Approval, any member of the Settlement Class who submits a valid and timely request for exclusion from the Settlement Class will not be a Settlement

Class Member and shall not be bound by the terms of this Agreement. Toyoda Gosei reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether any excluded member of the Settlement Class is an indirect purchaser of any Relevant Product or has standing to bring any claim against Toyoda Gosei.

(b)     Subject to Court Approval, in the written request for exclusion, the member of the Settlement Classes must state his, her, or its full name, street address, and telephone number. Further, the member of the Settlement Classes must include a statement in the written request for exclusion that he, she, or it wishes to be excluded from the Settlement Classes. Any member of the Settlement Classes that submits a written request for exclusion may also identify the number of Vehicles purchased from January 1, 2000 through the Execution Date of this Agreement as requested in the notice to the Settlement Classes as provided in Paragraph 19.

(c)     Toyoda Gosei or Settlement Class Counsel may dispute an exclusion request, and the parties shall, if possible, resolve the disputed exclusion request by agreement and shall inform the Court of their position.

28.   Payment of Expenses.

(a)     Toyoda Gosei agrees to permit a reasonable portion of the Settlement Funds to be used towards notice to the Settlement Classes and the costs of administration of the Settlement Funds, in an amount not to exceed $750,000. The notice and administration expenses are not recoverable if this settlement does not become final or is terminated to the extent such funds have actually been expended or incurred for notice and administration costs. Other than as set forth in Paragraphs 26 and 28, Toyoda Gosei shall not be liable for any of the costs or expenses of the litigation of the Actions, including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings

before the Court or Special Master, appeals, trials, or the negotiation of other settlements, or for class administration and costs.

(b)     To mitigate the costs of notice and administration, End-Payor Plaintiffs shall use their best efforts, if practicable, to disseminate notice with any other settlements reached with other defendants in the MDL Litigation and to apportion the costs of notice and administration on a pro rata basis across the applicable settlements.

E.     The Settlement Funds.

29.     After this Agreement becomes final within the meaning of Paragraph 21, the Settlement Funds shall be distributed in accordance with a plan to be submitted to the Court at the appropriate time by Settlement Class Counsel, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Funds, including, but not limited to, the costs and expenses of such distribution and administration except as expressly otherwise provided in Paragraph 26 and 28 of this Agreement.

30.     End-Payor Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Funds for all expenses and costs, as provided by Court Order. Toyoda Gosei and the other Releasees shall not be liable for any costs, fees, or expenses of any of End-Payor Plaintiffs or the Settlement Classes' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Funds.

31.     Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

(a)     Settlement Class Counsel may submit an application or applications to the Court ("Fee and Expense Application") for: (i) an award of attorneys' fees not in excess of one-

third of the Settlement Funds; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Actions and incentive awards, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Funds (until paid), as may be awarded by the Court ("Fee and Expense Award"). Settlement Class Counsel reserves the right to make additional applications for Court approval of fees and expenses incurred and reasonable incentive awards, but in no event shall Toyoda Gosei or any other Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Funds.

(b)     Subject to Court approval, End-Payor Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Funds for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses and incentive awards. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Funds upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Funds with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event this Agreement is rescinded or terminated pursuant to Paragraph 26(h) or Paragraph 45.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs, and expenses, and incentive awards for class representatives to be paid out of the Settlement Funds is not part of this Agreement, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceeding relating to the

Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect the finality of the final approval of the settlement.

(d)     Neither Toyoda Gosei nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel and/or End-Payor Plaintiffs of any Fee and Expense Award in the Actions.

(e)     Neither Toyoda Gosei nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel, End-Payor Plaintiffs and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Actions.

F.     <u>Cooperation</u>.

32.     In return for the release and discharge provided herein, Toyoda Gosei agrees to pay the Settlement Amount, and further agrees to use its best efforts to provide satisfactory and timely Cooperation, as set forth specifically in Paragraphs 33-44 below. Cooperation will take place consistent with the timing set forth specifically below, and in a manner that is in compliance with Toyoda Gosei's obligations to Government Entities (defined as the United States Department of Justice ("DOJ"), the Japan Fair Trade Commission ("JFTC"), or any other government entity).

33.     After conducting a reasonable search, Toyoda Gosei shall, to the best of its knowledge and within one hundred and twenty (120) days of the Execution Date, identify (i) those makes, models, and model years of Vehicles sold in the United States from January 1, 2003 through the Execution Date of this Agreement that contain Occupant Safety Systems sold by Toyoda Gosei; (ii) those makes, models, and model years of Vehicles sold in the United States from January 1, 2006 through the Execution Date of this Agreement that contain Constant Velocity Joint Boot Products sold by Toyoda Gosei; (iii) those makes, models, and model years of Vehicles sold in the

United States from May 1, 2003 through the Execution Date of this Agreement that contain Automotive Hoses sold by Toyoda Gosei; (iv) those makes, models, and model years of Vehicles sold in the United States from January 1, 2000 through the Execution Date of this Agreement that contain Body Sealing Products sold by Toyoda Gosei; (v) those makes, models, and model years of Vehicles sold in the United States from June 1, 2004 through the Execution Date of this Agreement that contain Interior Trim Products sold by Toyoda Gosei; and (vi) those makes, models, and model years of Vehicles sold in the United States from February 1, 2004 through the Execution Date of this Agreement that contain Brake Hoses sold by Toyoda Gosei.

34.     In the event that Toyoda Gosei produces Documents, including translations, or provides declarations or written responses to discovery to any party or nonparty in the Actions in the MDL Litigation, concerning or relating to the Actions ("Relevant Production"), Toyoda Gosei shall produce all such Documents, declarations or written discovery responses to End-Payor Plaintiffs contemporaneously with making the Relevant Production. To the extent that Toyoda Gosei provides cooperation to any other party in this MDL Litigation consisting of any attorney proffer, witness interviews, or depositions of witnesses in addition to those already provided for in Paragraph 40, Settlement Class Counsel together with Automobile Dealer Plaintiffs ("Auto Dealer Settlement Class Counsel") shall be permitted to attend and/or participate in such attorney proffer, witness interviews or depositions, and shall be entitled to ask questions for a period up to three (3) hours at any interview or deposition (provided that this shall not expand the time permitted for any deposition). All such additional Cooperation shall be coordinated, to the extent reasonably practicable, between Settlement Class Counsel, Auto Dealer Settlement Class Counsel, and settlement class counsel for the Direct Purchaser Plaintiffs, and such other party whom such cooperation is provided pursuant to a settlement agreement. End-Payor Plaintiffs' receipt of, or

participation in, cooperation provided by Toyoda Gosei shall not in any way limit End-Payor Plaintiffs' entitlement to receive Cooperation as set forth in this Section F, including, but not limited to, attorney proffers, witness interviews, and depositions.

35.     This Agreement does not restrict Settlement Class Counsel from noticing, attending and/or participating in any deposition in the MDL Litigation, except that Settlement Class Counsel shall not notice the deposition of any Toyoda Gosei witness except as provided in Paragraph 40. In the event that depositions of other Toyoda Gosei witnesses are noticed by a party other than Settlement Class Counsel, Settlement Class Counsel may attend, cross-notice, and/or participate in those deposition, and Settlement Class Counsel together with Auto Dealer Settlement Class Counsel may ask questions for a combined total of three (3) hours at such deposition, provided that the time for participation of Settlement Class Counsel and Auto Dealer Settlement Class Counsel shall not expand the time permitted for the deposition as may be provided by the Court, and Settlement Class Counsel will not ask the Court to enlarge the time of any deposition noticed of a Toyoda Gosei current or former employee. Participation by Settlement Class Counsel in the depositions discussed in this Paragraph will not limit the number of depositions to be provided under Paragraph 40 below. End-Payor Plaintiffs and Settlement Class Counsel agree to use their best efforts to ensure that any depositions taken under Paragraph 40 below are coordinated with any other deposition noticed in the MDL Litigation to avoid unnecessary duplication.

36.     Settlement Class Counsel agree to request the additional cooperation set forth in Paragraphs 37-40 below ("Additional Cooperation") only if such Additional Cooperation is reasonably necessary for the prosecution of any of the Actions for the following reasons, and such reason is provided to Toyoda Gosei in writing: (1) End-Payor Plaintiffs amend one or more of the Complaints to name additional defendants, or (2) one or more of the settlements in the Actions do

not receive final approval pursuant to Paragraph 21 above. Toyoda Gosei shall only be obligated to provide Additional Cooperation with respect to the relevant Action for which such cooperation is reasonably necessary.

37.    *Identity of Individuals*. Within ten (10) business days of a written request from Settlement Class Counsel pursuant to Paragraph 36 above, Counsel for Toyoda Gosei shall provide Settlement Class Counsel with the identity of all current and former employees, directors and officers of Toyoda Gosei who: (1) were interviewed and/or prosecuted by any Government Entity in connection with alleged price-fixing, bid rigging and market allocation of any Relevant Product; (2) appeared before the grand jury in the DOJ's investigation into alleged antitrust violations with respect to any Relevant Product; and/or (3) were disclosed to the DOJ as having knowledge or information relating to the DOJ's investigation into alleged antitrust violations with respect to any Relevant Product.

38.    *Transactional Data*. At the written request of End-Payor Plaintiffs and subject to meet and confer between the parties regarding any extensions on the timing of production, Toyoda Gosei will use its reasonable best efforts to begin a rolling production of transactional data within sixty (60) days pursuant to Paragraph 36 above, concerning Toyoda Gosei's sales of Occupant Safety Systems for use in Vehicles to be sold in the United States from January 1, 2001 through the Execution Date, sales of Constant Velocity Joint Boot Products for use in Vehicles to be sold in the United States from January 1, 2004 through the Execution Date, sales of Automotive Hoses for use in Vehicles to be sold in the United States from May 1, 2001 through the Execution Date, sales of Body Sealing Products for use in Vehicles to be sold in the United States from January 1, 1998 through the Execution Date, sales of Interior Trim Products for use in Vehicles to be sold in the United States from June 1, 2002 through the Execution Date, and sales of Brake Hoses for use

in Vehicles to be sold in the United States from February 1, 2002 through the Execution Date. Toyoda Gosei shall use its reasonable best efforts to complete its rolling production of this pre-existing transactional data within ninety (90) days from the written request of End-Payor Plaintiffs. In addition, Toyoda Gosei will use reasonable best efforts to provide, in response to a written request from Settlement Class Counsel pursuant to Paragraph 36 above, a single production of electronic transactional data generated during the two (2) years after the Execution Date of this Agreement concerning Relevant Products, as it exists in Toyoda Gosei's electronic databases at the time of the request, within sixty (60) days of the receipt of such request. Toyoda Gosei shall preserve such transactional data until two (2) years after the Execution Date of this Agreement. Toyoda Gosei will only be requested to produce transactional data from existing electronic transactional databases, except that, to the extent Toyoda Gosei has not recorded or maintained electronic transactional data relating to Occupant Safety Systems for any period between January 1, 2001 and two (2) years from the Execution Date, or electronic transactional data relating to Constant Velocity Joint Boot Products for any period between January 1, 2004 and two (2) years from the Execution Date, or electronic transactional data relating to Automotive Hoses for any period between May 1, 2001 and two (2) years from the Execution Date, or electronic transactional data relating to Body Sealing Products for any period between January 1, 1998 and two (2) years from the Execution Date, or electronic transactional data relating to Interior Trim Products for any period between June 1, 2002 and two (2) years from the Execution Date, or electronic transactional data relating to Brake Hoses for any period between February 1, 2002 and two (2) years from the Execution Date, then Toyoda Gosei will use reasonable efforts to produce existing hard copy records of sales transactions not recorded or maintained electronically in the existing electronic sales transactional database.

39.     *Documents*. Toyoda Gosei will use its reasonable best efforts to begin a rolling production of the following Documents, including English translations to the extent such translations have been completed by Toyoda Gosei, within sixty (60) days of a written request from Settlement Class Counsel pursuant to Paragraph 36 above: (1) Documents, including any translations, provided to or seized by DOJ and JFTC relating to their investigation into alleged competition violations with respect to the Relevant Products; (2) non-privileged Documents concerning Relevant Products collected and reviewed that evidence a communication, meeting, or agreement regarding Relevant Products, by any employee, officer, or director of Toyoda Gosei with any employee, officer, or director of another manufacturer or seller of Relevant Products, which were not provided to or seized by Government Entities; (3) Documents, if any, created before 2015 that are sufficient to show Toyoda Gosei's general methodology for determination of their prices for Relevant Products; and (4) Documents, if any, created before 2015 sufficient to show the following: soliciting requests for quotation ("RFQ"), bids submitted in response to RFQs, RFQ award notifications, and post-award price adjustments for Relevant Products, including Annual Price Reduction (APR) Documents. Toyoda Gosei shall use its reasonable best efforts to complete this rolling production within one hundred and twenty (120) days of the written request from Settlement Class Counsel pursuant to Paragraph 36. As to Documents in Toyoda Gosei's possession, custody, or control that are not listed above, Toyoda Gosei will consider in good faith any reasonable request by Settlement Class Counsel to collect and produce such Documents provided the request would not impose an undue burden on Toyoda Gosei.

40.     *Attorney Proffers and Witness Interviews*.

(a)     Toyoda Gosei's counsel will make themselves available at a mutually agreed-upon location in the United States for up to two (2) meetings of one (1) business day per

each Relevant Product within thirty (30) business days of a written request from Settlement Class Counsel pursuant to Paragraph 36 above to provide an attorney proffer of facts known to them relating to alleged conspiracies involving the Relevant Products. Thereafter, Toyoda Gosei's counsel will make themselves available for reasonable follow-up conversations in connection with the attorney proffers and will use reasonable best efforts to respond to questions posed by Settlement Class Counsel. Toyoda Gosei further agrees to make up to four (4) persons per Relevant Product available for an interview and/or deposition, provide up to four (4) declarations or affidavits per Relevant Product from the same persons, and make those same persons available to testify at trial. The interviews and depositions shall be conducted at a mutually agreed-upon location in the United States, and the interviews and depositions shall be limited to a total of seven (7) hours over one (1) day unless the interview or deposition is in a language other than English, in which case the interview or deposition shall be limited to a total of thirteen (13) hours over two (2) days.

(b)     In addition to its Cooperation obligations set forth herein, Toyoda Gosei agrees to produce through affidavit(s), declaration(s), and/or at trial, in Settlement Class Counsel's discretion, representatives qualified to authenticate, establish as business records, or otherwise establish any other necessary foundation for admission into evidence of up to fifty (50) Documents or transactional data produced or to be produced by Toyoda Gosei per Relevant Product. Settlement Class Counsel agrees to use their reasonable best efforts to obtain affidavits or stipulations that would avoid the need to call Toyoda Gosei witnesses at trial for the purpose of obtaining such evidentiary foundations.

41.     Toyoda Gosei's obligations to provide Cooperation shall not be affected by the releases set forth in this Settlement Agreement. Unless this Agreement is rescinded, disapproved,

or otherwise fails to take effect, Toyoda Gosei's obligations to provide Cooperation under this Agreement shall continue only until otherwise ordered by the Court, or the date that final judgment has been entered in the Actions against all defendants. For purposes of this Paragraph, the term "final" shall have the same meaning as set forth in Paragraph 21.

42.     In the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Classes as defined in Paragraph 12, or in the event that it is terminated by either party under any provision herein, the parties agree that neither End-Payor Plaintiffs nor Settlement Class Counsel shall be permitted to introduce into evidence against Toyoda Gosei, at any hearing or trial, or in support of any motion, opposition or other pleading in the Actions or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Actions, any Documents, transactional data or other Cooperation Materials provided by Toyoda Gosei and/or the other Releasees, their counsel, or any individual made available by Toyoda Gosei pursuant to Cooperation (as opposed to from any other source or pursuant to a court order). This limitation shall not apply to any discovery of Toyoda Gosei which Settlement Class Counsel may participate in as part of the MDL Litigation. End-Payor Plaintiffs and Settlement Class Counsel agree that all Documents and any other Cooperation Materials produced by Toyoda Gosei shall be treated as "Highly Confidential," as said designation is described in the protective order that will be issued in the Action unless otherwise agreed by the parties including Toyoda Gosei or ordered by the Court. The parties agree that the protective order entered in the Occupant Safety Systems Action (2:12-cv-00600-MOB-MKM, Docket No. 77, filed March 13, 2013) will govern the Occupant Safety Systems Action. The parties agree that the protective order entered in the Wire Harness Systems Action (2:12-md-02311-MOB-MKM, Docket No. 200, filed July 10, 2012) will govern in the other Actions. Settlement Class Counsel

agree that they will not provide Cooperation Materials to any other party without first providing Toyoda Gosei with at least fifteen (15) days' notice to allow Toyoda Gosei the opportunity to seek a protective order to prevent the disclosure of such material. Notwithstanding anything contained herein, End-Payor Plaintiffs and the Settlement Classes are not relinquishing any rights to pursue discovery against Toyoda Gosei in the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Classes as defined in Paragraph 12, or in the event that it is terminated by either party under any provision herein.

43.     Toyoda Gosei and other Releasees need not respond to formal discovery requests from End-Payor Plaintiffs or otherwise participate in the Actions during the pendency of this Agreement, with the exception of the Cooperation provisions set forth in Paragraphs 32-44 of this Agreement. Other than to enforce the terms of this Agreement, neither Toyoda Gosei nor End-Payor Plaintiffs shall file motions against the other, in the Actions, during the pendency of this Agreement.

44.     If Settlement Class Counsel believes that Toyoda Gosei has failed to cooperate under the terms of this Agreement, Settlement Class Counsel may seek an Order from the Court compelling such Cooperation. Toyoda Gosei will not oppose any motion by Settlement Class Counsel seeking to obtain an order to compel discovery in the Actions from any former employee, officer, or director of Toyoda Gosei except on the grounds that such discovery would entail the disclosure of an attorney-client privilege belonging to Toyoda Gosei. Nothing in this provision shall limit in any way Toyoda Gosei's ability to defend the level of Cooperation it has provided or to defend its compliance with the terms of the Cooperation provisions in this Agreement.

G.     <u>Rescission if this Agreement is Not Approved or Final Judgments are Not Entered</u>.

45.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Classes in accordance with the specific Settlement Classes

definitions set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgments provided for in Paragraph 21 of this Agreement, or if the Court enters the final judgments and appellate review is sought, and on such review, such final judgments are not affirmed in their entirety, then Toyoda Gosei and End-Payor Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 58. A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Funds shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgments.

46.     In the event that this Agreement does not become final as set forth in Paragraph 21, or this Agreement otherwise is terminated pursuant to Paragraph 45, then this Agreement shall be of no force or effect and any and all parts of the Settlement Funds caused to be deposited in the Escrow Accounts (including interest earned thereon) shall be returned forthwith to Toyoda Gosei less only disbursements made in accordance with Paragraphs 26 and 28 of this Agreement. Toyoda Gosei expressly reserves all rights and defenses if this Agreement does not become final.

47.     Further, and in any event, End-Payor Plaintiffs and Toyoda Gosei agree that this Agreement, whether or not it shall become final, and any and all negotiations, Documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by Toyoda Gosei, or the other Releasees, to be used against Toyoda Gosei, or of (ii) the truth of any of the claims or allegations contained in the Complaints or any other pleading filed in the MDL Litigation, to be used against Toyoda Gosei, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation or in any other action or proceeding, against Toyoda

Gosei. Nothing in this Paragraph shall prevent End-Payor Plaintiffs from using Cooperation Materials produced by Toyoda Gosei against any other defendants except Toyoda Gosei in any action in the MDL Litigation.

48.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

49.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 17-22 hereof, appropriate notice 1) of the settlement; and 2) of a hearing at which the Court will consider the approval of this Agreement, will be given to the Settlement Classes.

H.     Miscellaneous.

50.     Neither End-Payor Plaintiffs, Settlement Class Counsel, nor Toyoda Gosei shall disclose the existence or contents of this Agreement prior to filing the Preliminary Approval Motion.

51.     Toyoda Gosei shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

52.     This Agreement does not settle or compromise any claim by End-Payor Plaintiffs or any Settlement Class Member asserted in the Complaints or, if amended, any subsequent complaints, against any Defendant or alleged co-conspirator other than Toyoda Gosei. All rights against such other Defendants or alleged co-conspirators are specifically reserved by End-Payor Plaintiffs and the Settlement Classes. All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Toyoda Gosei and the other Releasees, for sales made by Toyoda Gosei and Toyoda Gosei's alleged illegal conduct are specifically reserved by End-Payor Plaintiffs and Settlement Class Members. Toyoda

Gosei's sales to the classes and its alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Actions as a basis for damage claims and shall be part of any joint and several liability claims against other current or future Defendants in the Actions or other persons or entities other than Toyoda Gosei and the other Releasees. Toyoda Gosei shall not be responsible for any payment to End-Payor Plaintiffs other than the amount specifically agreed to in Paragraph 25 of this Agreement.

53.    The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by End-Payor Plaintiffs and Toyoda Gosei, including challenges to the reasonableness of any party's actions. This Agreement shall be governed by and interpreted according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles. Toyoda Gosei will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

54.    This Agreement constitutes the entire, complete and integrated agreement among End-Payor Plaintiffs and Toyoda Gosei pertaining to the settlement of the Actions against Toyoda Gosei, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between End-Payor Plaintiffs and Toyoda Gosei in connection herewith. This Agreement may not be modified or amended except in writing executed by End-Payor Plaintiffs and Toyoda Gosei, and approved by the Court.

55.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of End-Payor Plaintiffs and Toyoda Gosei. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by End-Payor Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than Toyoda Gosei entities which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

56.     This Agreement may be executed in counterparts by End-Payor Plaintiffs and Toyoda Gosei, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

57.     Neither End-Payor Plaintiffs nor Toyoda Gosei shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

58.     Where this Agreement requires either party to provide notice or any other communication or Document to the other, such notice shall be in writing, and such notice, communication or Document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

59.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

Dated: July **1** 2018

Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com


Hollis Salzman
Bernard Persky
William V. Reiss
Noelle Feigenbaum
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com
NFeigenbaum@RobinsKaplan.com


Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366

35

Dated: July 23, 2018

                                          _____

Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com


_____
Hollis Salzman
Bernard Persky
William V. Reiss
Noelle Feigenbaum
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com
NFeigenbaum@RobinsKaplan.com


_____
Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366

Dated: July __, 2018

_____

Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

_____

Hollis Salzman
Bernard Persky
William V. Reiss
Noelle Feigenbaum
**ROBINS KAPLAN LLP**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com
NFeigenbaum@RobinsKaplan.com

_____

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366

35

Facsimile: (713) 654-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed
End-Payor Plaintiff Classes*

Dated: July 10, 2018

John M. Taladay
Mark A. Miller
Heather Souder Choi
Sterling A. Marchand
**BAKER BOTTS LLP**
1299 Pennsylvania Avenue N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

*Attorneys for Defendants Toyoda Gosei Co., Ltd.,
Toyoda Gosei North America Corp., TG Missouri
Corp., TG Kentucky, LLC, and TG Fluid Systems
USA Corp.*