# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311 Hon. Sean F. Cox |

| | |
|---|---|
| IN RE: WIRE HARNESS SYSTEMS | Case No. 2:12-cv-00103 |
| IN RE: INSTRUMENT PANEL CLUSTERS | Case No. 2:12-cv-00203 |
| IN RE: FUEL SENDERS | Case No. 2:12-cv-00303 |
| IN RE: HEATER CONTROL PANELS | Case No. 2:12-cv-00403 |
| IN RE: BEARINGS | Case No. 2:12-cv-00503 |
| IN RE: OCCUPANT SAFETY SYSTEMS | Case No. 2:12-cv-00603 |
| IN RE: ALTERNATORS | Case No. 2:13-cv-00703 |
| IN RE: ANTI-VIBRATIONAL RUBBER PARTS | Case No. 2:13-cv-00803 |
| IN RE: WINDSHIELD WIPER SYSTEMS | Case No. 2:13-cv-00903 |
| IN RE: RADIATORS | Case No. 2:13-cv-01003 |
| IN RE: STARTERS | Case No. 2:13-cv-01103 |
| IN RE: AUTOMOTIVE LAMPS | Case No. 2:13-cv-01203 |
| IN RE: SWITCHES | Case No. 2:13-cv-01303 |
| IN RE: IGNITION COILS | Case No. 2:13-cv-01403 |
| IN RE: STEERING ANGLE SENSORS | Case No. 2:13-cv-01603 |
| IN RE: HID BALLASTS | Case No. 2:13-cv-01703 |
| IN RE: INVERTERS | Case No. 2:13-cv-01803 |
| IN RE: ELECTRONIC POWERED STEERING ASSEMBLIES | Case No. 2:13-cv-01903 |
| IN RE: AIR FLOW METERS | Case No. 2:13-cv-02003 |
| IN RE: FAN MOTORS | Case No. 2:13-cv-02103 |
| IN RE: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02203 |
| IN RE: POWER WINDOW MOTORS | Case No. 2:13-cv-02303 |
| IN RE: AUTOMATIC TRANSMISSION FLUID WARMERS | Case No. 2:13-cv-02403 |
| IN RE: VALVE TIMING CONTROL DEVICES | Case No. 2:13-cv-02503 |
| IN RE: ELECTRONIC THROTTLE BODIES | Case No. 2:13-cv-02603 |
| IN RE: AIR CONDITIONING SYSTEMS | Case No. 2:13-cv-02703 |
| IN RE: WINDSHIELD WASHER SYSTEMS | Case No. 2:13-cv-02803 |

- cont. -

| | |
|---|---|
| IN RE: CONSTANT VELOCITY JOINT<br>    BOOT PRODUCTS | Case No. 2:14-cv-02903 |
| IN RE: SPARK PLUGS | Case No. 2:15-cv-03003 |
| IN RE: AUTOMOTIVE HOSES | Case No. 2:15-cv-03203 |
| IN RE: SHOCK ABSORBERS | Case No. 2:15-cv-03303 |
| IN RE: BODY SEALING PRODUCTS | Case No. 2:16-cv-03403 |
| IN RE: INTERIOR TRIM PRODUCTS | Case No. 2:16-cv-03503 |
| IN RE: AUTOMOTIVE BRAKE HOSES | Case No. 2:16-cv-03603 |
| IN RE: EXHAUST SYSTEMS | Case No. 2:16-cv-03703 |
| IN RE: CERAMIC SUBSTRATES | Case No. 2:16-cv-03803 |
| IN RE: POWER WINDOW SWITCHES | Case No. 2:16-cv-03903 |
| IN RE: AUTOMOTIVE STEEL TUBES | Case No. 2:16-cv-04003 |
| IN RE: ACCESS MECHANISMS | Case No. 2:16-cv-04103 |
| IN RE: SIDE DOOR LATCHES | Case No. 2:17-cv-04303 |
| IN RE: ELECTRONIC BRAKING SYSTEMS | Case No. 2:21-cv-04403 |
| IN RE: HYDRAULIC BRAKING SYSTEMS | Case No. 2:21-cv-04503 |

THIS DOCUMENT RELATES TO:
End-Payor Actions

**OVERLAND WEST, INC'S *EX ANTE* MOTION FOR PARTIAL
EXTENSION OF TIME FOR CLASS CLAIMANTS TO RESPOND TO
CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES
IN CONNECTION WITH THE ROUND 1–5 SETTLEMENTS[1]**

Objector and class member/claimant Overland West, Inc. moves this court

pursuant to FRCP 6(b) and LR 7.1(g) to request an extension for all class member

claimants to respond to Class Counsels' Motion for an Award of Attorneys' Fees and

Reimbursement of expenses until **June 6**.

---

[1] Overland West, Inc. moves in every class docket where class counsel has filed
their fee motion, with the sole exception of *Motor Generators*, 2:13-cv-01503, because
Overland West does not appear to have standing for that fund alone.

Pursuant to LR 7.1(a), counsel for Overland West, Inc. sought consent to the relief from class counsel, and Marc Seltzer advised that class counsel is "prepared to stipulate as I indicated to an extension to June 6th for the client you have identified, but we reserve all of our rights to oppose your motion," but could not provide a copy of the proposed stipulation until tonight or tomorrow morning. Moreover, class counsel opposes extending the deadline for the class as a whole. Overland West brings its objection on behalf of the whole class, does not seek special treatment, and so files this motion for the benefit of all potential class member objectors. The requested extension amounts to fourteen days in the class dockets where class counsel filed their fee motion before midnight on Friday May 9, a ten day extension from the normal response date in dockets where the motion was filed May 10,[2] and arguably no extension at all for *Instrument Panel Clusters*, No. 2:12-cv-0203, where class counsel has heretofore not filed any fee motion.

---

[2] In fourteen of the dockets, the motion was not filed until May 10, and so the response date for these cases would ordinarily be May 27 given that May 26th is a Federal Holiday, but the Court has entered scheduling orders in most of these cases requiring responses served on May 23.

Cases where motions were filed on May 10, 2025 are: *Fuel Injection Systems*, 2:13-cv-02203, ECF 428; *Power Window Motors*, 2:13-cv-02303, ECF 177; *Automotive Transmission Fluid Warmers*, 2:13-cv-02403, ECF 175; *Valve Timing Control Devices*, 2:13-cv-02503, ECF 299; *Electronic Throttle Bodies*, 2:13-cv-02603, ECF 120; *Air Conditioning Systems*, 2:13-cv-02703, ECF 269; *Windshield Washer Systems*, 2:13-cv-02803, ECF 166; *Automotive Constant Velocity Joint Boot Products*, 2:14-cv-02903, ECF 124; *Spark Plugs*, 2:15-cv-03003, ECF 140; *Automotive Hoses*, 2:15-cv-03203, ECF 114; *Access Mechanisms*, 2:16-cv-04103, ECF 58; *Door Latches*, 2:17-cv-04303, ECF 39; *Electronic Braking Systems*, 2:21-cv-04403, ECF 28; and *Hydraulic Braking Systems*, 2:21-cv-04503, ECF 30.

## INTRODUCTION

Years after the last settlement in this MDL, and with little advanced notice to class member claimants, class counsel filed its 50-page fee motion in the evening of May 9, 2025 and into the next morning. The motion includes an additional 80 pages of exhibits, and was not preceded by any sort of scheduling order or notice filing in the relevant dockets before May 9. While an email announcing the fee motion was sent, it appears that many class claimants did not receive notice until May 9, hours before the oversized motion was filed *anywhere*, providing essentially no advanced notice.

Although no form of notice was approved, the administrator sent notice purporting to impose requirements not normally required to respond to motions in this district. *See* Exhibit A (email notice concerning fee request). The notice purports to require motions be sent to "**both** of the addresses listed immediately below and must be received by both the Clerk of the Court and the Notice Administrator, no later than **May 23, 2025**, which is 14 days after the filing of Settlement Class Counsel's motion for attorneys' fees and reimbursement of costs and expenses." *Id.* (emphasis in original). There are several problems with these requirements. The imposition of mailing and receipt requirements seems entirely *ultra vires*; it does not appear to be approved by the Court, and is inconsistent with this District's rules, which permit electronic filing that provides near-instantaneous service to registered counsel. Moreover, requiring *receipt* by the administrator's P.O. Box effectively shortens the deadline for objection by at least a day to May 22—and only to the extent the objector trusts U.S.P.S. to deliver overnight

(other couriers cannot deliver to P.O. Boxes at all). The deadline itself seems at least partially incorrect: May 23 is simply not "14 days after the filing" for fourteen of the class funds, where motions were not filed until May 10, making the normal response date May 27. And in *Instrument Panel Clusters*, where no motion has been filed, the response date could not be sooner than two weeks from today, June 3.

Additionally, class counsel's motion and the noticed deadline appears timed to make objections unusually difficult for claimants who have an interest in filing them. Under the claims procedure approved by the Court, Large Claim Submissions (those with six or more vehicles claimed) were to receive their claim determinations within 90 days of the order. *E.g.* No. 2:12-cv-00103, ECF 665 at 5-6 (Mar. 18, 2025). Following this, these claimants would have 20 (or 30) days to submit written objections. *Id.* For Overland West, these objections would be due May 25. It seems likely that other "Large Claimants" received notice on a similar schedule such that written objections to determinations are due almost simultaneously with any objection to class counsel's fee request, making responding to both more difficult. Corporate claimants also require time to arrange suitable counsel and review for an objector. Due to the lack of advanced notice, it is impossible for some claimants to object by May 22, including a potential objector that may be represented by the undersigned.

Rule 23 entitles absent class members to a set of objection rights that puts them on the same footing as the named litigants. *Shane Grp., Inc. v. Blue Cross Shield*, 825 F.3d 299, 309 (6th Cir. 2016). Rule 23's procedural protections cannot be sacrificed for

expedience and efficiency. *In re Nat'l Prescription Opiate Litig.*, 976 F.3d 664, 676 (6th Cir.

2019). This Court should reject class counsel invitation to "serious[] malfunction" of

the "Rule 23(e) objection process." *Shane Grp.*, 825 F.3d at 309.

## ARGUMENT

A motion to extend the time to act filed before the time expires can be granted

if the moving party shows good cause for the extension. Fed. R. Civ. P. 6(b)(1)(A).

Good cause exists to extend the deadline. Setting a date to June 6 harmonizes

the date for all classes, including *Instrument Panel Clusters* where class counsel's failure to

file a motion otherwise implies an opposition due date of no earlier than June 2. Because

all rounds of settlement and all component funds are implicated by the motions, there

is no reason that the deadlines should vary based on class fund, much less class counsel's

inconsistent filing dates.

When considering class members' Rule 23 notice and objection rights, "a court's

role is to safeguard the class's interest by ensuring that class members, most of whom

are operating in good faith, receive the best opportunity possible to comprehend and

respond to the proposed settlement." 4 NEWBERG ON CLASS ACTIONS § 13:30 (5th ed.).

"Courts will accordingly carefully scrutinize proposed limitations on objection formats

and curtail those that over-reach." *Id.*; *accord* Rule 23 Advisory Committee Notes, 2018

Amendments to Rule 23 ("[c]ourts should take care . . . to avoid unduly burdening class

members who wish to object").

Extending the deadline permits all class-claimants enough time to respond to the motion, including those who might be distracted by administration. In contrast, the May 23 deadline and apparently-unauthorized service requirement frustrates class members and reasonable expectations. Class counsel's offer of special treatment to Overland West alone is not a sufficient solution. *See Allen v. Bedolla*, 787 F.3d 1218, 1226 (9th Cir. 2015) ("the district court must give the entire class—and not just the [movants] here—the opportunity to review class counsel's completed fee motion and to submit objections if they so choose"). Prior notice to class members promised that fee requests would not come with a hair-trigger deadline years after the last filing concerning attorneys' fees. For example, Round 3 notice assured class members:

> When Class Counsel's motion for fees, costs and expenses is filed, it will be available at www.AutoPartsClass.com. The motion will be posted on the website at least 45 days before the Court holds a hearing to consider the request, and at least 28 days before the deadline for any objections to or comments on the motion, from members of the Settlement Classes, to be received …

*E.g.* No. 2:12-cv-00103, ECF 603-3 at PageID.19493-94.[3] Here, class counsel's motion seeks additional fees from Rounds 1-5, so to comport with notice in Round 3, it must

---

[3] Notice available online at: https://www.autopartsclass.com/docs/Round_3/ Notice_Documents/March%202018%20Notice.pdf.

This notice also states that fees would "not to exceed 25% of the approximately $432,823,040 in additional Settlement Funds resulting from the Round 3 Settlements" and that "Class Counsel may seek additional attorneys' fees, costs, and expenses from *any additional Settlements or recoveries* obtained in the future." (emphasis added). This issue will be discussed further in Overland West's forthcoming objection.

have posted the motion on the website "at least 28 days" before the deadline. In fact, the fee motion was not posted on the website until Monday May 12, so the objection deadline should not predate June 9—and certainly not by over two weeks.

Additionally, class counsel suffers no prejudice from at most a 17-day extension. Any hearing on their motion must occur after June 6 anyway. Class counsel waited 823 days to file its fee motion after the final approval and entry of judgment in the final, small, round of MDL settlements (No. 2:21-cv-04403, ECFs 13-15 (Feb. 6, 2023)); they will not be prejudiced by another two weeks.

The only reason for class counsel to stipulate for an extension piecemeal without extending this courtesy to the entire class is to deter potential objections.

WHEREFORE, for the reasons stated above, counsel for Overland West, Inc. respectfully requests this Court to set June 6, 2025 as the date to respond to Settlement Class Counsel's Motion for an Award of Attorneys' Fees in Connection With the Rounds 1-5 Settlements in all underlying matters, including *Instrument Panel Clusters*, to the extent that class counsel files a fee motion in that case shortly. Further, the class should be notified by email of the new deadline. Finally, objectors who electronically file objections with counsel should also be excused from any purported service or delivery requirement more burdensome than the ordinary rules of this Court.

Dated: May 20, 2025            */s/ M. Frank Bednarz*

M. Frank Bednarz (IL ARDC No. 6299073) [4]
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1440 W. Taylor St # 1487
Chicago, IL 60607
Phone: 801-706-2690
Email: frank.bednarz@hlli.org

*Attorney for Overland West, Inc.*

---

[4] Mr. Bednarz is a member of this district and has entered his appearance.

LR 83.20(f) normally requires local counsel "with an office in the district," but the Court previously suggested that admission to this Court sufficient to argue a motion. MDL ECF 68 (Initial Status Tr.) at PageID.769; *see also* PageID.800-01 (questioning need for liaison counsel given availability of "great computer systems and CM/ECF"). Case Management Orders in MDL litigation usually exempt counsel from requirements to retain local counsel, as JPML Rule 2.1.(c) does so expressly for attorneys in transferred actions. The undersigned has also carefully reviewed the Court's amended final approval order for the first round of settlements at *In re Auto. Parts Antitrust Litig.*, No. 12-md-02311, 2016 WL 8200511, 2016 U.S. Dist. LEXIS 205322, at *206 (E.D. Mich. Aug. 9, 2016), which dealt with the improper argument of one attorney Cochran, who had not bothered to become a member of this district. Given that numerous other admitted members of the district have appeared and argued motions without incident and without apparent association with local counsel, and given the typical practice of MDL transferee courts, the undersigned sincerely believes that association with local counsel is not required in the MDL, at least for non-named parties to the underlying actions participating on an exigency basis and for limited purpose.

To the extent any parties disagree, the undersigned asks that these concerns be raised in advanced of any hearing so that Overland West, Inc. may apply for relief from LR 83.20(f), or alternatively arrange to retain local counsel. *See Waid et al. v. Snyder, et al.*, No 5:16-cv-10444, ECF 1482 & text minute order (Mar. 23, 2021) (granting application for relief from LR 83.20 to class objector represented by Mr. Bednarz).

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.


*/s/ M. Frank Bednarz*
M. Frank Bednarz

# EXHIBIT A

Auto Parts Settlements
P.O. Box 10163
Dublin, OH 43017-3163

## <u>NOTICE OF CLASS COUNSEL FEE AND EXPENSE AWARD REQUEST</u>

Dear Claimant,

Settlement Class Counsel will ask the Court for an award of attorneys' fees and reimbursement of costs and expenses for all of their services in this litigation to be paid from the total Settlement Amounts established by the Rounds 1 through 5 Settlements, including any interest earned on those amounts. The total amount of fees requested, combined with all fees previously awarded by the Court, will not exceed 30 percent of the total Settlement Amounts of all of the Rounds 1 through 5 Settlements, including any interest earned.

Settlement Class Counsel intend to file their request for an award of attorneys' fees and reimbursement costs and expenses on May 9, 2025. When it is filed with the Court, Settlement Class Counsel's application will be made available on [www.AutoPartsClass.com](www.AutoPartsClass.com).

If you are a qualifying member of one or more of the Settlement Classes who has submitted a claim to participate in the Settlement Funds, and wish to object to Settlement Class Counsel's application, you must do so in writing. You must include the following in your written objection:

- Your name, address, telephone number, and claim number;
- The basis for your objection to the application, along with any supporting materials; and
- Your signature.

To be considered, any comment or objection to the application must be in writing and mailed to **both** of the addresses listed immediately below and must be received by both the Clerk of the Court and the Notice Administrator, no later than **May 23, 2025**, which is 14 days after the filing of Settlement Class Counsel's motion for attorneys' fees and reimbursement of costs and expenses. The addresses are:

| Court | Notice Administrator |
|---|---|
| U.S. District Court for the Eastern District of Michigan<br>Clerk of the Court<br>Theodore Levin U.S. Courthouse<br>231 W. Lafayette Blvd., Room 599<br>Detroit, MI 48226 | Auto Parts Settlements Objections<br>P.O. Box 10163<br>Dublin, OH 43017-3163 |

You may contact the Settlement Administrator with questions by email at [info@autopartsclass.com](info@autopartsclass.com), by toll-free phone at 1-877-940-5043, or by mail at Auto Parts Settlements, P.O. Box 10163, Dublin, OH 43017-3163.

Sincerely,
Settlement Administrator

Copyright © 2025 YAA - Yazaki Automotive
Our address is Auto Parts Settlements, P.O. Box 10163, Dublin, OH 43017-3163

If you do not wish to receive future email, click here.
(You can also send your request to **Customer Care** at the street address above.)